# Ex parte Diggs.

### Application for Mandamus.

1. *Penal enactment; what is.* — An enactment providing for suspension from office is a penal statute, and will not be enlarged in its scope by construction.

2. *Act to remove solicitors, &c.;. to what applies.* — The act of March 2, 1875, requiring the suspension of a county solicitor against whom an indictment is pending, has no application to indictments for offences committed before its passage. If it did, it ·would be violative of the constitutional provision against *ex post facto* laws.

3. *Mandamus; when proper remedy.* — *Mandamus* allowed in this case· to restore a county solicitor to office, who has been improperly suspended upon indictment found against him for an offence committed after the passage of the act.

APPLICATION for *mandamus*. The facts are given in the opinion.

REID & MAY, for petitioner. — The act cannot be construed retrospectively. 19 Ala. 707; 13 Ark. 729; 2 Scam. 223; 1

[Ex parte Diggs.]

Cal. 55; 15 Ill. 20; 7 John. 477; 33 Maine, 333; 1 Denio, 128; 21 Conn. If it is retrospective in its operation, it is utterly void. The act is penal; it provides for removal from office. 7 Porter, 294. It must therefore be strictly construed. *Rex* v. *Handy*, 4 Term, 666; 1 Bish. Crim. Law, § 110. The legislature, unless the Constitution expressly authorizes, has no power to change, add to, or modify the qualifications for holding office declared by the fundamental law. Cooley Con. Lim. 64. *Thomas* v. *Owens*, 4 Mo. 189; *Brown* v. *Commonwealth*, 1 Bush (Ky.), 1; *Lowe* v. *Commonwealth*, 3 Metcalf (Ky.), 237. The legislature may change salaries, unless expressly prohibited, because *it* fixes them in the first instance. If the Constitution fixed the pay, as well as the qualifications, the legislature would have no power over either. 65 N. C. 603. The indictment is not evidence of guilt, and the legislature cannot make it operate as proof of guilt.

MORGAN, LAPSLEY & NELSON, *contra.* — The act merely provides a suspension from the discharge of the duties of the office, without amotion from office. This power resides in the legislature, even where the office is created by the Constitution, unless it forbids its exercise by direct prohibition, or by indirection, as where the Constitution provides how the officer shall be removed. *Brodie* v. *Campbell*, 17 Cal. 11. The suspension provided by the act is not a punishment, nor is it a superadded qualification; it is merely stating a condition upon which the solicitor is prevented from discharging the duties of the office. *Calder* v. *Bull*, 3 Dallas, 386. The whole legislative power is vested in the legislature. *Dorman* v. *The State*, 33 Ala. The courts always had power to suspend from practice attorneys who have become unfit by reason of crime. It is offensive to public morals, and detrimental to the administration of justice, to intrust to a man indicted for crime the administration of the criminal laws. The legislature has the right to prevent this. The act simply makes *mandatory* upon the court, what it always had the power to do, to suspend from practice a person who is shown to be unfit. The law is not *ex post facto*, and public policy demands that it receive a liberal construction. 4 Conn. 221.

MANNING, J. — Petitioner was elected in November, 1872, solicitor for the county of Dallas, for the term of four years prescribed by the Constitution, and was duly qualified and inducted into office; and at the Spring term of the court, 1873, he was indicted for accepting a bribe, of which he was afterwards convicted. The sentence against him was reversed for error in the proceedings, by the supreme court, and the cause

remanded ; after which, upon defendant's motion for a change of *venue*, it was transferred to the circuit court of Hale county, where it is still pending.

An act (No. 155) approved March 2, 1875, enacts : " That when it shall be made known to any circuit or city court that an indictment or indictments are pending against the person who is acting as solicitor of the county in which the court is held, the court must make an order suspending such solicitor, and the solicitor so suspended shall not act as solicitor until such order of suspension shall be set aside."

In May last, notice in writing was filed in the circuit court of Dallas county, by attorneys of that court, and a motion made that defendant be suspended from office as solicitor, on the allegations that an indictment for bribery had been found against him by a grand jury, in the criminal court of said county, and that the prosecution thereupon was still pending in the circuit court of Hale county, to which it had been transferred on motion of defendant. And on the hearing, the defendant, James S. Diggs, was suspended from office ; and under section 2 of the act another attorney was appointed to perform the duties of solicitor, during the continuance of such suspension.

Application is made to us for a *mandamus* to set aside these orders, and reinstate defendant Diggs in office.

The order of suspension seems to be founded on the statute only. We should not interfere with the lawful authority of the court, duly exercised, in suspending from practice before it a person unfit and unworthy to be allowed the privileges of an attorney or solicitor therein. But the proceedings in this cause seem to have been founded on the act alone ; and we are therefore required to decide whether it sustains the action of the court.

Suspension from office is a deprivation of office for the time. And when this is effected through the operation of a statute prescribing such suspension as the consequence of some act or event, the statute is a penal one, and, therefore not to be enlarged in its scope by construction. There is nothing in the language of this enactment requiring us to make it retroactive ; and we should violate a well established rule for the interpretation of statutes, if we did not hold that this was prospective only in its operation, and therefore did not sustain the action of the court in this cause.

If this act provided that upon conviction of the crime of bribery, for such an offence committed before the enactment of the law, the offender, in addition to the penalty prescribed by existing laws, should be suspended from any office of which he was incumbent (supposing this not to be already the law),

there can be no doubt that this would be void as an " *ex post facto* law." Is it any the less an infraction of the same constitutional provision to enact that if a man be then indicted, instead of being afterwards convicted for an offence previously committed, he shall be suspended from office? It seems to us that while the other law would in ethics be less objectionable than this, they are equally obnoxious to the constitutional provision against *ex post facto* laws.

It is, therefore, ordered that a rule *nisi* be issued to the Honorable George H. Craig, — judge of the first judicial circuit of the State of Alabama, — requiring him to appear and show cause in this court on Thursday, the 19th day of August instant, why a peremptory writ of *mandamus* should not issue as prayed for.