# *Ex parte* The State of Alabama, *in re* Henry Merlet.

*Application for Prohibition to vacate and set aside Order of Judge of Probate releasing, on Writ of Habeas Corpus, Defendant convicted of Misdemeanor in County Court of Cullman County.*

1. *Habeas corpus; when not appropriate remedy.*—Habeas corpus is an appropriate and legal remedy for the release of a prisoner who is restrained of his liberty by virtue of process issued under the order or judgment of a court, only in cases in which there is a want, or excess of jurisdiction in the court, under the order or judgment of which the process issued; and hence, where the court had jurisdiction both of the subject-matter, and of the prisoner's person, he can not be discharged on *habeas corpus.*

2. *Express power or jurisdiction; what powers it carries with it by implication.*—When a power or jurisdiction is expressly conferred by statute, everything necessary to make it effectual is also conferred by implication.

3. *County court of Cullman county; what jurisdiction and powers con-*

*ferred by act establishing.*—The act entitled "An act to establish an In-
ferior Court for Cullman county," approved March 1st, 1881 (Pamph.
Acts, 1880–81, p. 211), providing that "said court shall have original ju-
risdiction, concurrent with the circuit court, of all misdemeanors com-
mitted in Cullman county," but not prescribing the modes of procedure
by which such criminal jurisdiction shall be exercised, nor conferring on
the court the power to organize grand juries, nor authorizing the transfer
to it for trial of indictments pending in the circuit court, must be construed
so as carry with the express grant of jurisdiction thereby conferred, by
necessary implication, the use of all process and modes of procedure,
authorized by law, and applicable to county courts under the general
statutes, in the exercise of similar jurisdiction by them.

APPLICATION to this Court by the Attorney-General for "a
writ of *certiorari,* prohibition, or other proper writ," to be di-
rected to Hon. A. B. HAYS, Judge of Probate of Cullman
county, commanding him to show cause, if any there be, why
a certain order made by him, discharging one Henry Merlet
from custody, on the hearing of an application by said Merlet
before him for a writ of *habeas corpus.*

The facts are sufficiently stated in the opinion.

H. C. TOMPKINS, Attorney-General, and W. T. L. COFER, for
the State.

H. L. WATLINGTON and GEO. H. PARKER, *contra.*

SOMERVILLE, J.—The only question presented by the
record is, whether the county court of Cullman county had ju-
risdiction of the person of Henry Merlet, who was tried before
that tribunal and convicted of a misdemeanor on March 8th,
1883, and was afterwards sentenced to hard labor for the county
in default of securing the fine and costs. On petition for a
writ of *habeas corpus,* heard before the probate judge of Cull-
man county, he was discharged from imprisonment, on the
ground that the court, which tried and sentenced him, possessed
no such jurisdiction, and its entire proceedings were, therefore,
*coram non judice* and void.

The county court of Cullman county was established by an
act of the General Assembly, approved March 1, 1881, en-
titled "An act to establish an Inferior Court for Cullman
county."—Acts 1880–81, pp. 211–214. Its judge was author-
ized to be appointed by the Governor, and to hold his office for
three years from the date of his commission. It was provided
further that "said court shall have *original jurisdiction, con-
current with the circuit courts, of all misdemeanors committed
in Cullman county.*"—pp. 211–12, § 2. The act nowhere *ex-
pressly* declares that the mode of procedure, and methods of
prosecution, applicable to ordinary county courts under the
general law, shall apply to this court. The prosecution against

[Ex parte The State of Alabama, in re Henry Merlet.]

Merlet was commenced by warrant of arrest, based on an affidavit of the prosecutor, and issued in accordance with the requirements of section 4702 of the Code, regulating the practice of county courts. It is not contended that this system of procedure is not expressly authorized by the constitution of the State, which empowers the General Assembly to dispense with a grand jury in all cases of misdemeanor, and to authorize prosecutions and proceedings by information in such cases before justices of the peace, and other courts of inferior jurisdiction established by law.—Const. 1875, Art. I, § 9. The argument is, that the General Assembly has not dispensed with prosecutions by a grand jury in cases of misdemeanor authorized to be tried before this new court, by which Merlet was tried and convicted.

We are of opinion that the county court of Cullman county had jurisdiction of both the *subject-matter* and the defendant's *person*, and for this reason the judge of probate had no authority to discharge the petitioner, Merlet, in the *habeas corpus* proceeding. It is a plain principle, frequently declared, that there must be either a total want, or else an excess of jurisdiction, in order that the writ of *habeas corpus* may be adjudged to be as an appropriate and legal remedy for the release of the prisoner who claims to be unlawfully restrained of his liberty. *Ex parte John Hardy*, 68 Ala. 303; Freeman on Judg. § 623; *Ex parte Simmons*, 62 Ala. 416.

There can be no doubt whatever of the jurisdiction of the subject-matter, which was the trial of an ordinary misdemeanor. The nature and extent of the jurisdiction are declared to be original, and "concurrent with the circuit courts, of *all misdemeanors* committed in Cullman county." This language is the same in substance with that of the Code, creating the jurisdiction of the county courts, which is found in section 718 of the Code of 1875 : "County courts have original jurisdiction, concurrent with the circuit and city courts, of all misdemeanors committed in their respective counties."—Code, § 718.

The general rule undoubtedly is, that whenever a power or jurisdiction is conferred by statute, " everything necessary to make it effectual, or requisite to attain the end, is implied; and that where the law requires a thing to be done, it authorizes the performance of whatever may be necessary for executing its commands."—Sedg. Stat. Law, 92; Bacon's Abr. 16; Coke's Inst. 74. The same principle is thus stated by Mr. Dwarris, in enumerating the incidents of statutes: "In statutes incidents are always supplied by intendments; in other words, wherever a power is given by a statute, everything necessary to the making of it effectual is given by implication, for the maxim is, *Quando lex aliquid concedit, concedere videtur et id per*

*quod devenitur ad illud.*"—Potter's Dwarris' Stat. p. 123; 2 Coke's Inst. 366.

Jurisdiction is defined to be the power to hear and determine, a cause, and has reference to both the subject-matter and the person.—Freeman on Judg. § 118; 2 Brick. Dig. 156, §§ 1, *et seq.* The subject-matter here is admitted to be a misdemeanor—the use of abusive, obscene, or insulting language in the presence of a female, and near a dwelling-house.—Code, § 4203. The method of prosecution before county courts is well defined by our code of procedure, which has prevailed in this State since the year 1866, when the system of county courts was first established. Any party aggrieved, or desiring to bring a charge of misdemeanor before a county court, is authorized to apply to the judge of such court, or to some justice of the peace of the county, for a warrant of arrest, and upon making a prescribed affidavit in writing, describing the offense and designating the name of the party charged, the warrant of arrest is required to be issued.—Code, § 4702. The arrest of the defendant, with the act of bringing him before the court, under this process, confers full jurisdiction of his person.

We are of opinion that the act of March 1, 1881, establishing "the county court of Cullman county," and conferring on it jurisdiction of all misdemeanors committed in the county, must be construed to carry with it, by necessary implication, the use of all process, or modes of procedure, authorized by law, and applicable to ordinary county courts, in the customary exercise of their similar jurisdiction. Our reasons for this conclusion are the following: The jurisdiction expressly conferred is entirely futile in the absence of all legal machinery for its exercise. It can not be supposed, therefore, that the intention of the General Assembly was to confer on this inferior court the power to try certain misdemeanors, and at the same time to withhold from it the use of ordinary process, without which the power conferred would be nugatory. - *Com. Kentucky v. Dennison,* 24 How. (U. S.) 66. The only two authorized methods of procedure, by which jurisdiction over the person of a defendant, charged with crime, can ordinarily be acquired, is by *indictment* or by *information*—the first being a formal charge preferred by a legally organized grand jury, and the other by warrant of arrest, supported by affidavit in writing. Our statutes require all indictments found by grand juries to be returned to the court under whose authority these bodies are organized.—Code, § 4821. The county court of Cullman county has no authority conferred on it to organize or empanel a grand jury, and no provision is made for transferring to it indictments pending in the circuit court. It is clear, there-

fore, that no aid can be acquired from this source or method of obtaining jurisdiction.

The general provisions of the act under consideration strongly imply a legislative intention to authorize a resort to. the ordinary machinery of the county courts. As we have said, the language conferring the jurisdiction in each case is almost identical.—Code, § 718; Acts 1880-81, § 2, p. 211. The same act creating the new court abolished the regular county court, by withdrawing the criminal jurisdiction of the probate judge of Cullman county, who was *ex officio* judge of the county court under the provisions of the general law. Code, §§ 719–720; Acts 1880–81, § 11, p. 214. Defendants, who are tried and convicted, have the same right of appeal to the circuit court as from the county courts, by complying with the same statute regulating such appeals.—Code, § 4724; Acts 1880–81, § 9, p. 213. While a petit jury is authorized, and provision made for its organization in *civil* cases, of which the new court has jurisdiction, none is provided for in *criminal* cases.—*Ib.* § 7, p. 212. It is further declared, that "*all processes* from said court shall be directed to the sheriff of Cullman county," which is comprehensive enough to include *criminal* as well as civil processes.—*Ib.* § 3, p. 212. The policy of the law, dispensing with indictments in cases of misdemeanor, and authorizing prosecutions by information, in criminal proceedings before inferior courts, has long prevailed in this State, being specially provided for in three successive constitutions. Const. 1865, Art. 1, § 9; Const. 1868, Art. 1, § 10; Const. 1875, Art. 1, § 9. Its wisdom is fully sustained by the economy and convenience of the proceedings, and the speed with which justice can be administered. Though such methods are, in some respects, summary in their nature, the cases in which they are authorized involve minor offenses of no serious character, and the right of trial by jury is preserved in every instance unless waived by the defendant.—Code, §§ 4717, 4695. These considerations are of obvious importance in our efforts to construe the legislative intention, and present forcible reasons, as we believe, why the law-making power may have seen fit not to expressly provide in detail for the machinery of procedure needed for the exercise of the jurisdiction in question. They may well have proceeded on the principle, that statutes *in pari materia* are always to be read and construed together, and "that which is implied in a statute is as much a part of it as what is expressed,"—*U. S. v. Babbitt*, 1 Black, 61; Potter's Dwar. 145.

The writ prayed for will be awarded, unless, on being informed of this opinion, the probate judge of Cullman county shall vacate and annul the judgment and proceedings upon the

[Yarbrough v. State.]

writ of *habeas corpus.—Ex parte The City Council of Montgomery, in re Knox*, 64 Ala. 463.