[Ex parte Lusk.]

children, would be practically to invade his dominion, and to commit a fraud on his generosity.

Affirmed.

# Ex parte Lusk.

*Application for Mandamus, by Circuit Solicitor to Circuit Judge, in matter of Appointment of County Solicitor.*

| 82 | 519 |
| 98 | 634 |
| 82 | 519 |
| 102 | 365 |
| 82 | 519 |
| 117 | 229 |
| 82 | 519 |
| 122 | 147 |

1. *When mandamus lies, in matter of office.*—While the writ of *mandamus* will not be awarded to try a disputed right or title to an office, it is an appropriate remedy to compel the restoration of a rightful incumbent, when wrongfully deprived of the enjoyment of official privileges by removal or suspension.

2. *Circuit and county solicitors; constitutional provisions as to election or appointment of.*—The constitutional provision which requires the election of a "solicitor for each judicial circuit by joint ballot of the General Assembly," while the proviso thereto declares that "the General Assembly may, when necessary, provide for the election or appointment of county solicitors" (Art. vi, § 25), does not prescribe the duties of either officer, nor, when construed in connection with former constitutional provisions, does it prohibit the General Assembly from providing, by special statute, for the election or appointment of a county solicitor for any particular county, imposing on him the duties, and giving him the fees of the circuit solicitor, to the exclusion of the latter; the only restriction being imposed by another constitutional provision, which regulates the number of counties in a circuit.

APPLICATION by petition by John A. Lusk, the solicitor of the ninth judicial circuit, for a *mandamus* from this court to the Circuit Court of DeKalb, Hon. JOHN B. TALLY presiding, "commanding said court to recognize said petitioner as the solicitor for the ninth judicial circuit, and to allow him to appear in said court as the solicitor for the said circuit, and therein to perform and discharge all the duties required by law of circuit solicitors." A bill of exceptions was reserved by the petitioner to the action and rulings of the court below in refusing to recognize him as solicitor, and it was made an exhibit to his petition to this court. The opinion states all the material facts.

HAMILL & LUSK, for the petitioner.

BRICKELL, SEMPLE & GUNTER, *contra.*

SOMERVILLE, J.—The relator is the duly elected, commissioned, and qualified solicitor of the Ninth Judicial Cir-

cuit in this State, having acted in this official capacity since November, 1866. The county of DeKalb is one of the counties enumerated by law as belonging to this circuit. In January, 1887, during the regular term of the DeKalb Circuit Court, and at a time when the criminal docket of the court was required by law to be taken up, the relator made a motion before the circuit judge, to be recognized as the solicitor of said circuit, and to be permitted to appear in said court for the purpose of discharging the duties of his office in the prosecution of the criminal causes called for trial; also, seeking for permission to appear before the grand jury, then in session, so far as to discharge the duties of circuit solicitor. This motion was denied, and a counter motion was sustained, admitting one Milford W. Howard to each of these privileges; it being made to appear that he had been duly appointed and commissioned by the Governor of Alabama as solicitor for the county of DeKalb, under the authority of an act approved February 17th, 1885, providing for the appointment of such an officer.—Acts 1884-85, p. 675.

While *mandamus* will not be awarded to try a disputed title to an office, it is well settled, that it is an appropriate remedy to compel the restoration of a rightful incumbent, who has been wrongfully deprived of the enjoyment of official privileges by removal or suspension.—*Ex parte Wiley*, 54 Ala. 226; *Ex parte Diggs*, 52 Ala. 381; High on Ex. Rem., § 67; *Weatherly's Case*, 75 Ala. 248. The present proceeding, therefore, brings before us in appropriate form the determination of the relator's legal rights, whatever they may be.

There are two questions raised for our consideration: (1.) The *constitutionality* of the act of February 17, 1885. (2.) If constitutional, to *what extent* the act authorizes the solicitor of DeKalb county to supersede the relator in the discharge of his duties as circuit solicitor.

It is contended, that the act is in violation of the constitution, because the office of circuit solicitor is created by the constitution itself, and that its duties were intended by the framers of that instrument to embrace each and every county in the judicial circuit for which such officer is elected. It is accordingly insisted, that the General Assembly has no power to so extend the sphere of the duties of a county solicitor, as to interfere with, or abolish, the customary duties of the circuit solicitor, even for a single county in his circuit.

It is not denied, that the legislative power of the General Assembly is practically omnipotent, within constitutional

limits,—a proposition which has often and again been decided by this court. Nor is any clause in our constitution relied on, as vitiating the act in question, except section 25 of Article VI, which reads as follows:—

"§ 25. A solicitor *for each judicial circuit shall be elected* by joint ballot of the General Assembly, who shall be learned in the law, and who shall, at the time of his election, and during his continuance in office, reside in the circuit for which he is chosen, and whose term of office shall be for six years ; *Provided,* That the General Assembly, at the first session thereof after the ratification of this constitution, shall by joint ballot elect a solicitor for each judicial circuit in the State, whose term of office shall begin on Tuesday after the first Monday in November, 1876, and continue four years ; *And provided,* That the General Assembly may, *when necessary,* provide for the election or *appointment of county solicitors.*"—Const. 1875, Art. VI, § 25.

It was under the authority of the last *proviso* of the foregoing section that the law of February 17, 1885, here assailed as violative of the constitution, was enacted. For a clearer comprehension of the question before us, we may briefly state the provisions of that act. The Governor is authorized to appoint a solicitor for each of the several named counties, including the county of DeKalb, who is required to be a resident citizen of the county for which he is appointed, and is authorized to hold office for the term of four years. It is made his duty, "to attend each term of the *Circuit* and County Courts of the county for which he is appointed, and to prosecute all criminal accusations pending in said courts, whether such accusation is preferred by indictment or otherwise." His duties are made, also, to embrace criminal prosecutions and investigations before magistrates, under certain conditions not material to be here noticed. He is required to take the same oath of office prescribed by law for circuit solicitors, and is declared to be entitled to the same fees for like convictions. This is the entire substance of the law, authorizing the appointment of a solicitor for DeKalb county, and defining his duties.—Acts 1884–85, p. 675.

It is thus obvious, from the foregoing section of the constitution, that the office of circuit solicitor is a constitutional office, and the provisions relating to it are mandatory, and not directory, to the law-making power. The General Assembly has no constitutional power to abolish the office, or to transfer its entire duties to another officer elected in a different mode. They can not authorize the election of a circuit solicitor by the popular vote, but only by joint

ballot of themselves. The term of office can not be made less than six years. Nor can one be authorized to hold the office, unless he reside in the circuit for which he is chosen. These prohibitions are very plain. The inquiry is, to what extent, if any, does the law under consideration violate either of them, or any other prohibition that may be clearly implied from this clause of the constitution creating the office ?

It is an important fact, bearing as we think most pertinently on this case, that the constitution nowhere fixes or designates *the particular official duties,* or the compensation, either of a circuit, or of a county solicitor. These must, therefore, necessarily be, to a large extent, the subject of legislative control, even in the case of a constitutional office ; a proper distinction being taken between *regulation* and *destruction.* As said by Chancellor WALWORTH, in *Warner v. State,* 2 Denio, 272, "If the constitution provides for the appointment of an officer in a particular manner, the legislature can not create a new officer to discharge the same duties, and direct the appointment in a different manner; but the legislature may add to, or diminish, the duties and fees of the officer."

And such is, and has always been the practice, from the earliest history of the State.—Code 1876, §§ 769–779 ; Revised Code, 1867, §§ 853-860 ; Code of 1852, §§ 721-728. Offices, in this State, are held not to be property, or in the nature of contracts, but mere public trusts, created for the benefit of the State and not of the individual ; and, within constitutional limits, they may be regulated, controlled, or abolished, within the supreme discretion of the legislature. *Ex parte Lambert,* 52 Ala. 77 ; *Benford v. Gibson,* 15 Ala. 521.

The question is finally resolved into the inquiry, as to what authority over this subject is conferred by the *last proviso* of the section above quoted—"*And provided,* That the General Assembly may, *when necessary, provide for* the election or *appointment of county solicitors.*"

The effect of a *proviso* in any clause of the constitution, though not identical with that of a proviso in a statute, is somewhat analogous. " A proviso is something engrafted upon a preceding enactment, and is legitimately used for the purpose of taking *special cases* out of the general enactments, and *providing specially for them.*"—Potter's Dwarris on Stat. & Const. 118. In *Wyman v. Southers,* 10 Wheat. 30, it is said : " The proviso is generally intended to restrain the enacting clause, and to except something which would otherwise have been within it, or, in some measure, to modify the enacting clause." It may also, it is true, be intended

[Ex parte Lusk.]

in some cases to restrain its generality, or exclude some possible ground of misconstruction.—*Pearce v. Bank of Mobile*, 33 Ala. 693. As a general rule, provisos are strictly construed, so as to " take no case out of the enacting clause, which is not fairly within the terms of the proviso."—Potter's Dwarris on Stat. & Const. 118, *note* 11 ; *U. S. v. Dickson*, 15 Pet. 141. Yet its construction and effect must depend more on the matter of the succeeding words, than on its mere form as a proviso.—*Carroll v. The State*, 58 Ala. 396. These are cardinal rules as to the office and proper construction of a proviso, such as that under consideration.

Whether the present proviso, authorizing the General Assembly to provide for the election or appointment of county solicitors, is to be construed (1) as intended to restrain the generality of the clause to which it is attached, or (2) to exclude some possible ground of misinterpretation, or (3) to take excepted cases out of the purview of the clause or section, we can best determine after drawing the following plain deductions, which need no additional argument to sustain them.

(1.) It is perfectly competent for the General Assembly to fix the number of counties in a judicial circuit, within its discretion, provided that " no circuit shall contain less than three, nor more than twelve counties."—Const. 1875, Art. VI, § 4.

(2.) It may, therefore, add new counties to a circuit, or take other counties out of such circuit, within the above limitation, thus entirely abolishing the duties of the solicitor of one circuit, as to such counties, and transferring them to the jurisdiction of the solicitor of another circuit, with the incident compensation.

(3.) The same law-making power may provide for the election or appointment of county solicitors, within its discretion, whenever and whereever may be deemed advisable and proper.

(4.) The constitution failing to fix the particular duties of the two classes of solicitors, the General Assembly has full power to fix and define such duties, transferring the duties of one to the other as it may deem fit, increasing or diminishing them, except so far as the constitution may prohibit by clear and undoubted implication.

Does it necessarily follow, as contended, that a "County Solicitor" means a prosecuting officer whose duties shall be confined to other tribunals than the Circuit Courts of the several counties? If the duties of a circuit solicitor in a given county can be transferred to another circuit solicitor, why not to a county solicitor also? Where is the constitu-

tional limitation to prohibit the exercise of this power, which certainly exists unless prohibited ?

The prior state of the law, and the provisions contained in former constitutions, may be looked to as guides for interpretation, one law or constitution being often construed in the light of the one which it has superseded.—*Ex parte Hardy*, 68 Ala. 303 ; Cooley's Const. Lim. (4th ed.) 79-80. The constitutions of 1819 and of 1861 did not, either of them, prescribe the number of solicitors to be elected by the General Assembly, but left the subject within the legislative discretion, as might be deemed necessary. The constitution of 1865 provided, that there should be elected as many solicitors as there were judicial districts, who should hold office for four years, and perform such duties as might be required of them by law.—Const. 1865, Art. VII, § 2. In addition to one circuit solicitor for each district, provision was made by law, in the year 1866, for the appointment, by the court of County Commissioners, of "a prosecuting attorney" for each of the several counties in the State, whose duty it was "to conduct all prosecutions before the County Court," a tribunal then having concurrent jurisdiction with the Circuit Court of all misdemeanors committed in the respective counties. —Rev. Code, 1867, § 3939. The term "solicitor," it will be observed, was not *eo nomine* applied to that officer, he being designated only as " a prosecuting attorney." Separate solicitors for each county were first provided for in the organic law by the constitution of 1868, the one superseded by our present constitution. In Article VI, section 17 of that instrument, it was provided that—

" *A solicitor* shall be elected in *each county* in this State, by the qualified electors of such county, who shall reside in the county for which he is elected, and perform such duties as may be required of him by law. He shall hold office for a term of four years, and in case of vacancy, [it] shall be filled by the judge of the circuit, until his successor is elected and qualified."

This provision, for the first time in the history of the State, abolished the old system of circuit solicitors, and devolved all their duties upon county solicitors, under a new system.

To return now to the proviso in section 25 of Article VI. If we take it for granted that the phrase "County Solicitor," therein used, means, as argued for the appellant, a prosecuting attorney or officer, similar to the one authorized under the Penal Code of 1866, whose duties were to be confined to the County Court, or some other tribunal than the Cir-

[Ex parte Lusk.]

cuit Court, what follows as a result? And what field of operation would the proviso then have? The General Assembly unquestionably has the power to elect county solicitors for the County Courts, without a special delegation of legislative authority for such purpose. There is nothing in the constitution which would even by implication prohibit it. And it had for several years been exercised under the constitution of 1865, without being questioned by any one. The generality of the enacting, or, more properly, of the ordaining clause of the section, therefore, needed no restraining. No possible ground was left for misconstruing it, so as to forbid the exercise of the power conferred by the proviso. And *the case*, not thus being within the purview of the constitutional section, required no aid of a proviso to be excepted from its operation. The entire proviso thus becomes superfluous.

Taking the other construction to be correct, as contended for by the appellee, and no difficulty whatever seems to us to be presented. There being some ambiguity of meaning in the body of the section, in view of the apparent doubt whether the General Assembly could transfer the duties of circuit solicitors, in any county, to another officer, the section needs to have its generality restrained so as to prevent any possible ground for misinterpretation. The given case—the election or appointment of "County Solicitors" who are empowered to appear and prosecute in the Circuit Courts—really or apparently being forbidden by the general clause of the section, required to be expressly excepted out of its operation. The proviso is thus afforded a clear field of operation. It is not superfluous, as it would otherwise have been. And a familiar rule of construction is thus observed, not to be ignored, that some effect, if possible, must be given to every word and clause in a law or a constitution, in seeking to ascertain the intention of its framers. "It cannot be presumed," said Chief-Justice MARSHALL, in the great case of *Marbury v. Madison*, 1 Cranch, 174, "that *any clause* in the constitution is intended to be without effect ; and, therefore, such a construction is inadmissible, unless the words require it."

It is our opinion, that the act of February 17, 1885, does not infringe section 25 of Article VI of the present constitution, or otherwise violate any other provision of that instrument. The power given the General Assembly to establish the system of "County Solicitors," in connection with that of "Circuit Solicitors," was intended to be exercised within the discretion of that body, subject, it may be, to the limitation of section 4 of Article VI, that "no circuit

shall contain less than *three*, nor more than twelve counties." Until the counties of the circuit, in which the circuit solicitor is expressly permitted to discharge his customary and characteristic duties, are reduced below the number of three, there would seem to be no grievance of which he can justly complain. The power to take one or more counties from his circuit may be admitted, without leading to the conclusion that this power may be abused by indirectly abolishing the entire circuit. The constitution, as we have shown, forbids this in clear and unmistakable language. It follows, further, from the foregoing views, that the law-making power may define the duties of these two classes of solicitors, by increasing or diminishing them, or by transferring the duties of the one to the other in any judicial tribunal; and may change their compensation *ad libitum*, subject only to the above restriction.

We need add but little as to the construction of the act of February 17, 1885, under consideration. It makes it the duty of the county solicitor, among other things, to *attend* each term of the Circuit Court of DeKalb county, and *to prosecute* all criminal accusations there pending. Perhaps, we might safely hold that, by necessary implication, this conferred the right upon him to appear before the grand jury in the discharge of the usual duties of a prosecuting officer, upon the principle, that when a power or jurisdiction is conferred by statute, everything to make it effectual is conferred by implication.—*Ex parte State, in re Merlet*, 71 Ala. 371; Potter's Dwarris on Stat. 123. But, however this may be, the circuit judge did not err in excluding the relator from this privilege. The act in question clearly ended his duties as a prosecuting officer in the Circuit Court of the county, by the substitution of another in his stead. And, as in statutes incidents are always supplied by intendment, so they may be in like manner prohibited. It could not have been intended that he should appear before the grand jury, and conduct prosecutions before them, without the right to prosecute the indictments found, and without being allowed any compensation for the discharge of this duty, his fees being all transferred by law to another.

The court did not err in denying either of the motions made by the relator, and his application for *mandamus* must accordingly be denied.