[Trapp, Pres. Board Insp. Conv., v. The State *ex rel.* Thompson, Clerk.]

# Trapp, President of Board of Inspectors of Convicts, v. The State *ex rel.* Thompson, Clerk, &c.

### Application for Mandamus.

1. *Fees of county solicitor; payable out of convict fund; mandamus.* Under the provisions of the act "to provide for the payment out of the convict fund of certain items of cost in felony cases," etc., approved February 18, 1897 (Acts of 1896-97, p. 1532), the fees of the county solicitor of Jackson county for convictions in felony cases, are payable out of the convict fund; and upon the President of the Board of Inspectors of Convicts refusing to request the Auditor, in writing, to draw his warrant on the Treasurer for the payment of bills of costs otherwise correct, and within the limit fixed by statute, containing said solicitor's fees, he will be compelled thereto by *mandamus.*

APPEAL from the City Court of Montgomery.

Heard before the Hon. A. D. SAYRE.

The proceedings in this case were had on an application by J. M. Thompson, as clerk of the circuit court of Jackson county, for a writ of *mandamus* to compel S. B. Trapp, as President of the Board of Inspectors of Convicts, to perform the duty required of him by section 3 of the act approved February 18, 1897, providing for the payment out of the convict fund of costs in penitentiary cases. (See act noted in section 4511 of the Criminal Code of 1896, p. 214).

The petition averred that upon the conviction of one Joseph Stephens for the offense of burglary, and his sentence to the penitentiary for a term of 13 years, the petitioner, as clerk, made out an itemized and verified bill of costs, including therein a solicitor's fee of thirty dollars, and forwarded the same to S. B. Trapp, as President of the Board of Inspectors of Convicts, for his approval, as provided by section 3 of the act approved February 18, 1897, (Acts of 1896–97, p. 1532); the said bill of costs amounting in the aggregate to fifty-six dollars and sixty cents. It was then averred that

the conviction of said Stephens was secured by R. C. Hunt, the solicitor for Jackson county, Alabama, duly appointed and qualified under the provisions of the act approved February 17, 1885 (Acts of 1884–85, p. 675), providing for the appointment by the Governor of a solicitor for the county of Jackson; that after said convict had been delivered to the penitentiary officials, said S. B. Trapp, as President of the Board of Inspectors of Convicts, "refused to request the Auditor in writing to draw his warrant upon the Treasurer for the payment of said bill of costs, basing said refusal upon the ground that said bill contained said solicitor's fee of thirty dollars, and upon no other ground; claiming that said Hunt, as solicitor, was not entitled to be paid by the State said fee of thirty dollars, or any other fee in said case."

The prayer of the petition, which was addressed to the judge of the city court of Montgomery, Alabama, asked that a writ of *mandamus* be issued to the said S. B. Trapp, as President of the Board of Convict Inspectors, to "compel him to request the Auditor in writing to draw his warrant on the Treasurer for the payment of such bill of costs in favor of the petitioner as such clerk, out of the convict fund, including the solicitor's fee of thirty dollars."

Upon the hearing of this petition, which was submitted upon answer, it was ordered by the court that the prayer of the petitioner be granted, and that a peremptory writ of *mandamus* be issued. From this judgment the present appeal is taken, and the rendition thereof is assigned as error.

WILLIAM C. FITTS, Attorney-General, for appellant, cited Acts of 1884-85, p. 675; Acts of 1892-93, p. 970, § 10; Acts of 1894-95, p. 931; Acts of 1896-97, p. 870.

WILLIAM L. MARTIN, *contra*, cited Acts of 1884-85, p. 675; Acts of 1896-97, p. 1532; *Ex parte Lusk*, 82 Ala. 519; *Hogue v. Matthews*, 89 Ala. 308.

McCLELLAN, J.—It is too clear to require discussion or argument to the demonstration of the proposition, that under the act of February 18, 1897, the fees of the county solicitor of Jackson county for convictions

[McGee v. The State.]

upon which sentences to the penitentiary are passed, are payable out of the convict fund, and that it is the duty of the President of the Board of Inspectors of Convicts to request the Auditor in writing to draw his warrant on the treasurer for the payment of bills of costs, otherwise correct and within the limit of one hundred and fifty dollars, containing such solicitor's fees.—Acts, 1896-97, p. 1532; *Ex parte Lusk,* 82 Ala. 519; *Hogue v. Matthews,* 89 Ala. 308.

The judgment of the city court awarding *mandamus* to the President of the Board of Convict Inspectors must, therefore, be affirmed.

Affirmed.