# Bluthenthal & Bickert v. Trager & Co. *et al.*

*Bill in Equity to have Mortgage declared General Assignment.*

1. *Constitutional law; construction of statute; general assignment.*
   While the portion of section 2158 of the Code of 1896, which was inserted by the Code Commissioner in pursuance of the direction of the legislature as being amendatory of the section as it theretofore stood, (Acts of 1896-97, pp. 1089-90), is unconstitutional and void, yet that portion of said section

which embraces the act of February 21, 1893, (Acts 1892-93, p. 1046), and was adopted into the code by the act of adopttion, is valid and operative, and rights arising thereunder can be enforced.

APPEAL from the City Court of Gadsden, in Equity. Heard before the Hon. JOHN H. DISQUE.

The bill in this case was filed by the appellees against the appellants, Bluthenthal & Bickert and Little & Hays; and sought to have a mortgage executed by Little & Hays to Bluthenthal & Bickert declared a general assignment, on the ground that said mortgage conveyed substantially all of the property of the mortgagors. The principal contention of the defendants and the facts of the case necessary to an understanding of the decision on the present appeal are sufficiently stated in the opinion.

On the final submission of the cause on the pleadings and proof, the chancellor decreed that the complainants were entitled to the relief prayed for, and ordered accordingly. From this decree the defendants appeal, and assign the rendition thereof as error.

BURNETT & CULLI, for appellant, cited *Ordway v. White*, 80 Ala. 244; *Parsons v. Johnson*, 84 Ala. 254; *Inman v. Schloss*, 122 Ala. 461; *Bank v. Kiser Co.*, 119 Ala. 194.

No counsel marked as appearing for appellee.

DOWDELL, J.—The bill in this case was filed by appellees under section 2158 of the Code of 1896, which relates to general assignments. It is contended by counsel for appellants that this statute was declared unconstitutional in the case of *Builders' & Painters' Supply Co. v. Lucas & Co.*, 119 Ala. 202, and therefore void. In that case it was said by this court, having then under consideration the act of February 16, 1897, (Acts, 1896-97, pp. 1089-90), and which was there declared void as being offensive to section 2 of Art. IV of the constitution: "Since the rendition of the judgment, and the filing of the bill, the Code of 1896 has become operative,

into which the enactment is substantially introduced—the two first sections forming part of the civil code (§ 2158), and the third section part of the criminal code (§ 4759). If this enactment had formed parts of the Code at the time of its adoption, all infirmities of legislative procedure in its original enactment would have been cured.—*Bates v. State*, 63 Ala. 30. But it was not then parts of the Code, and was not re-enacted as parts of it. It was incorporated or introduced by the commissioner, in obedience to the legislative mandate that all laws of enactment at the session of the adoption of the Code, should be introduced therein. Whatever of validity such laws may have is derived from their original enactment, and not from their introduction, or the manner of their introduction into the Code." It does not follow from this, that section 2158 as it now stands is invalid in whole, but on the contrary, whatever part of that section as now contained in the published volume of the Code, that was in the Code at the time of the act of adoption, is preserved, and is still operative, by force of the act of adoption, and only such parts, or so much of it, as was introduced by the commissioner, is invalid and inoperative. The manuscript volume of the Code, on file in the office of the Secretary of State, which was adopted by the act of February 16, 1897, contains the act of February 21, 1893, (Acts 1892-93, p. 1046), and is copied into the manuscript volume in the precise language of the original enactment. And it may be here added, that the act of February 21, 1893, as adopted into the Code, is embraced in its entirety in section 2158 of the published volume of the Code. Our conclusion is, that so much of section 2158 as embraces the act of February 21, 1893, which was adopted into the Code by the act of adoption, is valid and operative, and only so much as was introduced into that section by the commissioner is invalid.

After a careful consideration of the evidence we are of the opinion that the chancellor's conclusion on the facts was right, and we can see no reason to disturb his decree.

The decree is affirmed.