13 So.2d 762

**In re OPINION OF THE JUSTICES.**

No. 63.

Supreme Court of Alabama.

June 1, 1943.

To the Legislature of Alabama
State Capitol
Montgomery, Alabama.

Gentlemen:

We make reply to the following questions propounded under the statute by the Legislature to this court:

"One: Does passage of a bill to amend a section of Title 62 of the Code of Alabama of 1940 applicable to but one or more designated counties or municipalities violate the requirements of Section 106 of the Constitution of Alabama, where the bill is introduced and passed without notice and proof as required?

"Two: Does passage of a bill to amend a section of the Code applicable to but one Judicial Circuit which is designated by number in the Code Section (the amendment not being with reference to fixing the time for holding Court) violate the requirements of Section 106 of the Constitution of Alabama where the bill is introduced and passed without notice and proof?"

Whatever may have been the original status of many of the laws now Title 62 of the Code, whether local laws or general laws with local application, we are of the opinion the adoption of the Code by the legislature, designating all of the original acts as local laws, constitutes these laws as found in Title 62 local laws and subject to the requirements of the constitution as to subsequent amendment.

This court has held that several of the constitutional requirements touching the enactment of a law do not obtain as to the codification of public statutes under the Constitution, Art. 4, § 85. Gibson v. State, 214 Ala. 38, 43, 106 So. 231; Ex parte Thomas, 113 Ala. 1, 21 So. 369. That is, the incorporation of acts into the code and the adoption thereof by the legislature cures all defects in the same that may have intervened in original enactment. Bluthenthal & Bickert v. Trager & Co. et al., 131 Ala. 639, 31 So. 622; State ex rel. Sossaman v. Stone, 235 Ala. 233, 178 So. 18; State v. Stone, 236 Ala. 82, 181 So. 281; Dillon v. Hamilton, 230 Ala. 310, 313, 106 So. 708; State ex rel. Hyland v. Baumhauer, Ala.App., 12 So.2d 340; Brandon v. State, 233 Ala. 1, 4, 173 So. 238.

These local laws appearing in Title 62 of the Code may be amended by the Legislature as any other local law and the provisions of the Constitution as to notice and proof must be observed. State ex rel. Farmer v. Haas, 240 Ala. 30, 32, 196 So. 873.

It would result from the foregoing that the answer to question One is in the affirmative, the amendment having relation to a local law.

■. In response to your second inquiry we wish to say that there have been decisions of this court holding that under certain circumstances an act of the legislature pertaining to a judicial circuit of the state is a general law. State ex rel. Montgomery v. Merrill, 218 Ala. 149, 117 So. 473.

We have also held that acts creating a judicial circuit in this state are local and are subject to the requirements of Section 106 of the Constitution. State ex rel. Attorney General v. Sayre, 142 Ala. 641, 39 So. 240, 4 Ann.Cas. 656; Walker v. State, 142 Ala. 7, 39 So. 242.

We are not, therefore, in position to give you an answer to your second inquiry for the reason that the proposed bill is not so specified as that we are able to tell under our decisions whether it would be a local law or a general law.

Dated this June 1st, 1943.

LUCIEN D. GARDNER
Chief Justice.
WILLIAM H. THOMAS
Associate Justice.
VIRGIL BOULDIN
Associate Justice.
JOEL B. BROWN
Associate Justice.
ARTHUR B. FOSTER
Associate Justice.
J. ED. LIVINGSTON
Associate Justice.
THOMAS S. LAWSON
Associate Justice.