29 So.2d 418

**BANKS et al. v. PEEK.**

**7 Div. 898.**

Supreme Court of Alabama.

Feb. 13, 1947.

Petition for Rehearing Dismissed Feb. 24, 1947.

See, also, Miller v. State ex rel. Peek, ante, p. ——, 29 So.2d 411.

W. D. DeBardelaben, Richard B. Emerson and Chas. Thomason, all of Anniston, and Hill, Hill, Whiting & Rives, of Montgomery, for appellants.

Knox, Liles, Jones & Woolf and Merrill, Merrill & Vardaman, all of Anniston, for appellee.

BROWN, Justice.

This appeal is from a final judgment of the Circuit Court of Calhoun County awarding to the appellee a peremptory writ of mandamus requiring the defendants Banks, Glover and Street, as members of the Board of Commissioners of the City of Anniston, Alabama, to restore the petitioner to the office of chief of police, the powers and functions of which he has exercised for a period of eight years receiving the emoluments thereof.

It appears from the petition and the defendants' answer that the defendants undertook to remove the petitioner from said office by resolution purporting to abolish the office later followed by an ordinance passed by two of the commissioners for like purpose which said ordinance is set up in the answer to the petition for writ of mandamus. The petitioner, appellee, interposed a demurrer to the answer which was sustained by the court. The defendants declining to plead further, the peremptory writ was ordered to issue.

The sole question presented for decision in this case is whether or not the Board of Commissioners of the City of Anniston is vested with legislative power to abolish the office of chief of police, existing prior to the adoption of the Code of 1940. The ordinance establishing said office was embodied in the Code of Ordinances of the City of Anniston adopted December 9, 1940.

The question of legislative power depends upon the interpretation of §§ 402, 419 and 420, Title 62, Code of 1940, embodied in Articles 8 and 9 of said title, which constitute the charter of the municipality of Anniston, Alabama. If the city commission is vested with legislative power by its said charter to abolish said office of chief of police and the power has been efficaciously exercised, the judgment of the circuit court was laid in error and must be reversed. Clements v. Commission of City of Birmingham et al., 215 Ala. 59, 109 So. 158. On the other hand if the legislative power of said board of commissioners is restricted by the provisions of §§ 402 and 420, Title 62, Code of 1940, or its powers are not efficaciously exercised, the judgment of the circuit court is correct and must be affirmed. Ex parte Lusk, 82 Ala. 519, 2 So. 140; Ex parte. Wiley, 54 Ala. 226; Ex parte Diggs, 52 Ala. 381; Annotations 84 A.L.R. 1136; 35 Am.Jur. § 238, p. 14.

Section 402, Title 62, Code of 1940, reads as follows: "*Removal.*—No member of either the police department or of the fire department shall be removed or discharged, nor shall the chief of the police department nor the chief of the fire department, be removed, discharged, or demoted, except for cause, upon written charges or complaint and after an opportunity to face his accusers and be heard in his own defense. Such charges shall be investigated by and before the civil service board after not less than five days notice in writing with a copy of such charges shall have been given to the person charged, and the hearings thereof and thereon shall be public. The decision of the board thereon shall be given in writing to the accused, and shall be spread on the minutes. In all proceedings before the civil service board the city attorney may appear and represent the interest of the city when ordered to do so by the civil service board. Any attorney secured by the person or persons making the charge or accusation shall be allowed to represent the prosecution, and any attorney selected by the accused shall be allowed to represent the accused. Any person may be served with a subpoena to appear and testify, or to produce books and papers relevant to such investigation before the civil service board, such subpoena to be issued as subpoenas are now issued and provided for in the circuit courts of this state; etc. * * *."

Section 419 of said Title 62 provides: "*Board to exercise governing powers.*—The board of commissioners shall be municipal officers only, and shall have, possess, and exercise the municipal powers, legislative, executive, and judicial, conferred upon municipalities and governing bodies thereof. All laws governing such cities, *and not inconsistent with the provisions of this subdivision,* shall apply to and govern said cities. In such cities the management and control of the public schools therein shall be vested in a board of education as provided by law." [Italics supplied.]

Section 420 of Title 62 provides: "*Board to fix salaries, prescribe duties, etc.*—Each such city shall be governed and managed by the board of commissioners as herein provided, and each and every officer and employee of such city except the health officer and such person as may be employed by him to enforce quarantine, *and such other officers and employees as are designated in this subdivision,* shall be selected and employed by the said board of commissioners, under its direction, and all salaries

and wages paid by said city *except as otherwise provided,* shall be fixed by said board of commissioners; *where not otherwise provided,* the commissioners shall prescribe and may at any time change the powers, duties and titles of all subordinate officers and employees of said city, except the title of city health officer, all of whom *except those herein otherwise specified* shall hold office and be removable at the pleasure of the board of commissioners." [Italics supplied.]

It is familiar legislative history of which the courts take judicial knowledge that because of the growth and development of many municipalities in the state and the increase in population thereof, much confusion arose as to the application of "general laws of local application", passed by the legislature on the population basis to meet local needs. And the purpose of revising said statutes and carrying them into the Code [Title 62, Code of 1940] was to freeze and limit their application to cities and towns who had procured their enactment, or to which they were applicable at the time of their revision.

Infirmities occurring in legislative procedure, if any, in the passage of said acts revised and brought forward into the Code of 1940 and adopted as a part thereof were cured by the act adopting the code, and such statutes as revised or rewritten speak in the language of the revision, regardless of the provisions of the original acts. Bluthenthal & Bickart v. I. Trager & Co. et al., 131 Ala. 639, 31 So. 622; State v. Towery et al., 143 Ala. 48, 39 So. 309; Dew v. Cunningham, 28 Ala. 466, 65 Am. Dec. 362; Hoover v. State, 59 Ala. 57; Ex parte Thomas, 113 Ala. 1, 21 So. 369; Builders' & Painters' Supply Co. v. Lucas & Co., 119 Ala. 202, 210, 24 So. 416; In re Opinion of Justices, 244 Ala. 384, 13 So.2d 762.

We are of opinion that the resolution purporting to abolish the office of chief of police and create "The Office of Director of Traffic and Law Enforcement for the City of Anniston, Alabama", and confer upon said last named officer the duties and powers of the chief of police was abortive, in that an office established by an ordinance and embodied in the Code of Ordinances of said city can be repealed only by ordinance duly proposed and adopted as provided by law. 37 Am.Jur. p. 835, § 198.

Articles 8 and 9 of Chapter 4 embodied in Title 62, Code of 1940, limit their application as follows:

"Article 8. Provisions of Law Applicable to Anniston, Gadsden and Tuscaloosa.

"Article 9. Provisions of Law Applicable to Anniston and Gadsden."

The provisions of these articles are in pari materia and must be construed together, giving to each a field of operation. When so construed § 402 of Article 8 and § 420 of Article 9 embody restrictions on the powers conferred by § 420 of Article 9 in respect to creating and abolishing subordinate offices; and the ordinance which purports to abolish the office of chief of police and create another office with different designation, but with the same duties and powers, is inconsistent with § 402, Title 62, Code of 1940, which sets up and establishes civil service in respect to the police department and the chief of police, and is not within the legislative power of the city commission as limited by said §§ 402 and 420, with the result that the pseudo office of "Director of Traffic and Law Enforcement for the City of Anniston, Alabama", has no legal existence. Code 1940, Tit. 37, § 455; Constitution 1901, § 89; Lisenba et al. v. Griffin et al., 242 Ala. 679, 8 So.2d 175.

The rulings and judgment of the circuit court are consistent with these views and are free from error. The judgment of said court is, therefore, due to be affirmed and it is so ordered.

Affirmed.

FOSTER and STAKELY, JJ., concur.

GARDNER, C. J., and LIVINGSTON, LAWSON and SIMPSON, JJ., concur in the conclusion.

### On Rehearing.

BROWN, Justice.

The petition or motion termed "Application and Brief for Rehearing" filed

by appellant does not question the soundness of the opinion and judgment of this court but embodied a statement of fact and seeks the advice of this court as to whether or not the facts stated constitute a compliance with the mandate of the peremptory writ issued by the Circuit Court of Calhoun County. This is not an application for rehearing within Rule No. 38, Code 1940, Tit. 7 Appendix. Redd Chemical & Nitrate Co. v. W. T. Clay Mercantile Co. et al., 219 Ala. 478, 122 So. 652. Moreover the answer to the petition controverts some of the facts stated, presenting questions within the province and power of the circuit court, and it is for that court to determine whether or not the respondents have complied with the mandate of the writ. The petition is, therefore, dismissed.

GARDNER, C. J., and LIVINGSTON, LAWSON and STAKELY, JJ., concur.