MacDonald Gallion, Atty. Gen., and John G. Bookout, Asst. Atty. Gen., for the State.

149 So.2d 919

**W. F. THOMPSON**

v.

**STATE.**

**6 Div. 790.**

Court of Appeals of Alabama.

Feb. 5, 1963.

JOHNSON, Judge.

Before the advent of the writer to membership on the Court of Appeals of Alabama, the following question was certified to the Supreme Court:

"The Judges of the Court of Appeals being unanimously of the opinion that that portion of Sec. 324, Tit. 62, Code of Alabama 1940, providing that any person who violates the provisions of said section shall be guilty of a misdemeanor and upon conviction of said offense 'may be fined not more than $500.00, and in addition thereto may be

sentenced to hard labor for the County for not more than 12 months, or to a term of imprisonment in the County jail for not more than 12 months,' is unconstitutional.

"Sec. 324, supra, is a local law. Opinion of the Justices, 244 Ala. 384, 13 So.2d 762.

"Article 4, Sec. 104(14), Constitution of Alabama 1901, provides in pertinent parts as follows:

" 'The Legislature shall not pass a special, private, or local law in any of the following cases:

" '(14) Fixing the punishment of crime.

" 'The Legislature shall pass general laws for the cases enumerated in this section, provided that nothing in this section or article shall affect the right of the Legislature to enact local laws regulating or prohibiting the liquor traffic; but no such local law shall be enacted unless notice shall have been given as required in section 106 of this Constitution.'

"The Court of Appeals, under the provisions of Secs. 87 and 98, Tit. 13, Code of Alabama 1940, is therefore certifying and submitting to the Supreme Court the question of the constitutionality of that portion of Sec. 324, Tit. 62, Code of Alabama 1940, fixing the punishment for a violation of said Code section, and is transmitting to the Supreme Court the transcript and all papers in said cause, in accordance with Secs. 87 and 98, Tit. 13, Code of Alabama 1940.

"Robert B. Harwood
"Presiding Judge

"Annie Lola Price
"Judge

"Aubrey M. Cates, Jr.
"Judge "

In response thereto the following majority opinion has been received from the Supreme Court:

"LIVINGSTON, Chief Justice.

"Although the Court of Appeals states that the question here considered is certified to this court under the provisions of Secs. 87 and 98, Title 13, Code of 1940, we have held that there is now no field of operation for said Sec. 87 and that it is no longer operative. However, we will treat the question presented as a certification under Sec. 98. See Kendrick v. Boyd, 255 Ala. 53, 51 So.2d 694.

"Article 4, Sec. 104(14), Constitution of Alabama 1901, is correctly set forth in the question presented by the Court of Appeals. Sec. 324, Title 62, Code 1940, is a local law. Opinion of the Justices, 244 Ala. 384, 13 So.2d 762.

"We agree with the unanimous opinion of the Court of Appeals that that portion of Sec. 324, Title 62, Code 1940, providing that any person who violates the provisions of said section should be guilty of a misdemeanor and upon conviction of said offense 'may be fined not more than $500.00, and in addition thereto may be sentenced to hard labor for the county for not more than 12 months, or to a term of imprisonment in the county jail for not more than 12 months,' is unconstitutional.

"We are not unmindful of the case of Chancey v. State, 170 Ala. 83, 54 So. 522. In that case, the defendant was convicted of failing to do road duty under a local statute for Pike County. Sec. 10 of that Act [Loc.Acts 1907, p. 509] provided:

" '* * * that if any person warned who is liable to road duty fails to attend, or send an acceptable substitute, with the proper tools, agreeable to the notice; or fails faithfully to perform his duty * * * shall be

deemed guilty of a misdemeanor, and on conviction thereof, shall be fined not less than one nor more than $50.00 for each offense, * * *.'

"The late Mr. Justice Sayre referred to the offense charged as a 'petit misdemeanor,' but held that the offense charged, although designated a misdemeanor, was not a *crime* within the purview of Sec. 104(14), Constitution of Alabama 1901. Judge Sayre there said:

" '* * * By the statute in question the failure to work the roads is made a petit misdemeanor. Both crimes and misdemeanors are defined as acts committed, or omitted, in violation of a public law, either forbidding or commanding them under penalty. In common usage, however, small faults and omissions are referred to as misdemeanors, while offenses of deeper dye and more atrocious character are called crimes. That the makers of the Constitution had this common usage in mind when framing subdivision 14 of section 104 is made clear by an inspection of the journal of the convention. This subdivision was reported to the convention in this form: 'Fixing the punishment of crimes or misdemeanors.' On motion the words 'or misdemeanors' were stricken, and, as so amended, the subdivision was adopted. Journal Cons.Con. p. 677. The act in question is unaffected by the subdivision.'

"If the decision in the Chancey case, supra, is to be construed to the effect that *all* misdemeanors are unaffected by subdivision 14 of Sec. 104 of the Constitution, that decision is to be no longer followed.

"We are clear to the conclusion that the crime of contributing to the delinquency of a minor cannot have a different fixed punishment in the 67 separate counties of the state. Nor could many other misdemeanors, too numerous to mention, have a different fixed punishment in each of the 67 counties of the state.

"In our opinion, that portion of Sec. 324 of Title 62, supra, fixing the punishment of those who contribute to the delinquency of a minor in Jefferson County, is in violation of Sec. 104(14) of the Constitution of Alabama 1901.

"Let this response be certified to the Court of Appeals.

"Lawson, Simpson and Merrill, JJ., concur.

"Coleman, J., dissents as indicated.

"Goodwyn, J., concurs in the dissent.

"Harwood, J., not sitting."

(For the entire report see Ala., 149 So. 2d 916.)

Accordingly, this cause is reversed and the defendant ordered to be discharged.

Reversed and rendered.